UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION NO. |
| VS. ) | |
| ) | 3:92-CR-238(05)-G |
| TERRY DEWAYNE LEVELS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of Terry Dwayne Levels ("Levels"), pursuant to Rule 60(b)(4), F.R. CIV. P., for relief from the judgment of conviction entered against him in this case. For the reasons set forth below, the motion is denied.

### I. BACKGROUND

Levels was indicted on indicted on May 19, 1992 for conspiracy to distribute cocaine. A superseding indictment was returned on September 22, 1992 charging him with that crime plus other drug trafficking offenses. *See* Government's Response to Petitioner's Motion for Relief Pursuant to FED. R. CIV. P. 60(b)(4) ("Government's Response") at 1. Both indictments were returned by a grand jury empaneled in the

Dallas Division of the Northern District of Texas. *Id.* at 2. Levels was convicted by a jury on all counts on June 10, 1993, and on November 22, 1993 he was sentenced to a total of 348 months in prison. *Id.* The conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on November 30, 1995. *Id.* Levels filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, on May 2, 1997. On the basis of the § 2255 motion, one count of the defendant's conviction was vacated, but the rest of the motion was denied. *Id.*

The defendant now seeks relief on the ground that because "the 'Files and Record' fail[] to show that 12 or more grand jurors . . . agreed to indict petitioner," the judgment is void. *See* Petitioner's Motion for Relief Under Federal Rules of Civil Procedure Rule 60(b)(4) ("Motion to Vacate") ¶ 13. The defendant failed to raise this issue before trial, during trial, during appeal to the Fifth Circuit, or in his motion to vacate under 28 U.S.C. § 2255.

## II. ANALYSIS

The petitioner brings this motion to vacate judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. *See* Motion to Vacate ¶ 1. Levels argues that the court lacked subject matter jurisdiction, asserting that because "there is nothing AFFIRMATIVELY in the record that CONCLUSIVELY show[s] that 12 or more grand jurors . . . agreed to indict" him, the judgment is void. *Id.* ¶ 8.

The argument, while certainly creative, is unconvincing. The defendant has failed to show that the judgment is void. Through this purported Rule 60(b) motion, he is seeking to circumvent the rule against serial filings under § 2255. However, when a prior § 2255 motion has been filed, the court is permitted to treat the Rule 60(b) motion as a successive habeas petition under § 2255. See *United States v. Rich*, 141 F.3d 550, 552 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999). When Levels' motion to vacate is viewed in this fashion, it plainly amounts to an abuse of the writ of habeas by "raising a claim in a subsequent petition that he could have raised in his first . . .." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The Fifth Circuit has been clear that "*McCleskey* may not be avoided by motions under Fed. R. Civ. P. 60(b)." *Briddle v. Scott*, 63 F.3d 364, 376 (5th Cir.), *cert. denied*, 516 U.S. 1033 (1995).

Levels had the opportunity to raise this issue during his original appeal but did not do so, thereby waiving his right to challenge any non-jurisdictional defects in the indictment process.[1] At this point in time the court does not find that Levels has made out a "particularized, discrete showing of need" required in order to disclose

---

[1] Under FED. R. CRIM. P. 12(b)(3), the defendant must challenge a defect in the institution of the prosecution or a defect in the indictment or information before trial. The commentary to the rules indicates that Rule 12(b)(3) encompasses all "irregularities in the grand jury proceedings." Rule 12(e) provides that a defendant "waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." See also *Davis v. United States*, 411 U.S. 233, 242 (1973) (holding that the waiver standard expressed in the Federal Rules of Criminal Procedure "governs an untimely claim of grand jury discrimination, not only during the criminal proceedings, but also later on collateral review.").

the grand jury record. *United States v. Deffenbaugh Industries, Inc.*, 957 F.2d 749, 756 (10th Cir. 1992). Levels does not make any allegations of wrongdoing in the grand jury proceedings; instead, he simply asks the government to prove that twelve or more grand jurors agreed to indict him. *See generally* Motion to Vacate. His request is untimely and unpersuasive.

III. CONCLUSION

Grand jury proceedings carry a "presumption of regularity,"[2] and the time to present the challenge raised by the defendant was before trial. For the reasons set forth above, the defendant's motion to vacate is **DENIED**.

**SO ORDERED**.

January 30, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

[2] See *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301 (1991) (quoting *United States v. Mechanik*, 475 U.S. 66, 75 (1986)).